# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD JONES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-1128-NJR |
| | ) |
| **ANTHONY WILLS, FRANK LAWRENCE, KRISTA ALLSUP, KYLE HESS, MONTGOMERY WATERMAN, JOSEPH CHILDERS, KELLY MAUE, and JOHN DOE #'s 1-4,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

A hearing is set in a few weeks on a Motion for Stay of Residence (Doc. 8) filed by Plaintiff Reginald Jones, which the Court has interpreted as a motion for preliminary injunction. In addition to that motion, presently pending are Jones's motions to subpoena witnesses or documents for the April 7 evidentiary hearing. For the reasons set forth below, Jones's First Motion for Subpoena Duces Tecum (Doc. 44) and Second Motion for Subpoena Duces Tecum (Doc. 52) are denied. The Court defers ruling on Jones's Third Motion for Subpoena Duces Tecum (Doc. 54).

### Pending Motions

*First Motion for Subpoena Duces Tecum (Doc. 44)*

In his first motion, Jones asks the Court to issue subpoenas for the following witnesses and documents:

1. The Office of the Executive Inspector General for copies of complaints filed by Jones in 2016 and 2019;

2. John Peterson or Jill Deck of Danville Correctional Center to testify regarding a 2015 grievance, and production of said grievance;

3. An incident report written at Danville Correctional Center in 2015; and

4. Nathan Brumell, a professor of Divine Hope Reformed Bible Seminary at Danville Correctional Center to testify regarding an incident report written in 2015.

### *Second Motion for Subpoena Duces Tecum (Doc. 52)*

In his second motion, Jones asks the Court to issue subpoenas for the following witnesses and documents:

1. Lieutenant Campbell of Danville Correctional Center to testify about the circumstances surrounding Jones's protective custody request at Danville Correctional Center in 2015 and production of a December 23, 2015 grievance regarding the same; and

2. Sergeant Jones of Danville Correctional Center to testify about Jones's request for protective custody at Danville Correctional Center in 2015 and production of related documents.

### *Third Motion for Subpoena Duces Tecum (54)*

In his third motion, Jones asks the Court to issue subpoenas for the following witnesses and documents:

1. Warden Anthony Wills to provide testimony regarding his alleged failure to respond to Jones's requests for protective custody and to provide documents demonstrating Jones's May 7, 2020 request for protective custody was properly investigated;

2. Krista Allsup to provide testimony regarding her failure to respond to Jones's requests for protective custody outside of Menard and documents related thereto;

3. Kyle Hess to provide testimony regarding efforts to move Jones to protective custody, Jones's eligibility to be placed in protective custody, and documents related thereto; and

4. Kelly Maue to provide testimony regarding efforts to move Jones to protective custody, Jones's eligibility to be placed in protective custody, and documents related thereto.

### Background

Jones, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint, Jones alleges Defendants denied him protective custody and tried to place him in an area of the prison that would put him at risk of harm in violation of both the First and Eighth Amendments. On January 10, 2021, the Court screened Jones's Complaint pursuant to 28 U.S.C. § 1915A and allowed him to proceed on the following claims:

> **Count 1:** **Eighth Amendment failure to protect claim against Anthony Wills, Krista Allsup, Frank Lawrence, and Joseph Childers for denying Jones's request for protective custody placement outside of Menard.**
>
> **Count 2:** **Eighth Amendment failure to protect claim against Anthony Wills, Krista Allsup, Montgomery Waterman, Kyle Hess, Kelly Maue, Frank Lawrence, Joseph Childers, and John Does #1-4 for trying to place Jones in protective custody, after being denied placement, in an effort to place Jones in danger of attack from other inmates and staff.**
>
> **Count 3:** **First Amendment retaliation claim against Krista Allsup, Montgomery Waterman, Frank Lawrence, Joseph Childers, and Kelly Maue for denying his request for protective custody placement and then trying to place him in protective custody because Jones filed previously lawsuits against Menard staff.**

In addition to his Complaint, Jones filed a Motion for Stay of Residence (Doc. 8). The motion seeks an order from the Court prohibiting officials at Menard from transferring Jones to the general population or protective custody. Jones claims that either transfer will pose a threat to his life. Instead, Jones asks the Court to order officials to keep him housed in the North II Segregation Unit at Menard. The Court interpreted the motion as a request for preliminary injunction and set the matter for an evidentiary hearing on April 7, 2021.

## Discussion

The events giving rise to Jones's case allegedly began in April and/or May of 2020 and relate to Jones's request to enter protective custody while at Menard. But Jones's first and second set of subpoena requests relate to protective custody requests Jones made at another facility before the events at issue in this case. Testimony and documents pertaining to Jones's prior protective custody requests at another facility are not relevant to the matters in issue at the April 7 evidentiary hearing. Accordingly, Jones's First Motion for Subpoena Duces Tecum (Doc. 44) and Second Motion for Subpoena Duces Tecum (Doc. 52) are **DENIED**.

The Court will **DEFER** ruling on Jones's Third Motion for Subpoena Duces Tecum. Rather than issuing the requested subpoenas at this time, the Court **ORDERS** Defense Counsel to be prepared, to the extent possible, to discuss and present evidence relevant to Jones's Motion for Stay of Custody (Doc. 8). In that vein, Defendants are directed to arrange for at least one witness familiar with the allegations in the motion to appear at the evidentiary hearing on April 7, 2021. At the hearing, if the Court determines that additional testimony from the individuals identified in Jones's Third Motion for Subpoena Duces Tecum is necessary and relevant, the hearing will be continued, and witnesses will be subpoenaed as is appropriate.

**IT IS SO ORDERED.**

DATED: 3/24/2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**