IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD JONES,

        Plaintiff,

v.

ANTHONY WILLS, *et al.*,

        Defendants.

Case No. 20-cv-1128-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for case management purposes. Plaintiff Reginald Jones filed several motions to compel (Docs. 111, 127, 128, 129, 134, 135, 139, and 146) and other motions (Docs. 136, 140, 141, 143) which are pending on the docket. Defendants filed a motion to strike (Doc. 133) one of Jones's motions to compel. The Court rules on the pending motions as follows:

    A. **Motions to Compel**

As to Jones's first motion to compel (Doc. 111), he indicates that he is unaware of hearings and deadlines due to missing NEFs (Notices of Electronic Filing) from the Court. He asks that the Court not act or hold a hearing until he receives the NEFs. After the filing of this motion, the Court sent Jones a copy of the docket sheet to identify any missing filings (Doc. 117). There are no current deadlines or hearings set that would require a response from Jones at this time, and all pending motions are fully briefed. Accordingly, his motion is **DENIED as moot**.

Jones's next motion to compel (Doc. 127) seeks to "compel" the Court to acknowledge

that there is a "causal relationship" between his motion for sanctions and motion to reconsider the Order on his motion for stay of residence. The Court has previously denied a similar motion noting that when the Court addresses these motions, all relevant pleadings and evidence will be considered. Again, the Court notes that it is unnecessary to "acknowledge" that certain pleadings may be connected. Jones is **WARNED** to refrain from continuing to file motions asking the Court to acknowledge matters that are pending or arguments he has raised. These motions impose an unnecessary burden on the Court's limited judicial resources. The motion to compel (Doc. 127) is **DENIED**, and the motion for status of the motion to compel (Doc. 129) is **DENIED as moot.**

Jones next seeks to compel the production of documents from Defendants (Doc. 128). Jones seeks a complete copy of the 5/20/2020 cell house transfer list. He believes the copy provided by Defendants (Doc. 98-1) is "cropped" and incomplete. Defendants filed a motion to strike (Doc. 133) arguing that the request seeks discovery on the merits and such discovery is currently stayed pending resolution of the summary judgment on the issue of exhaustion.[1] This is Jones's third such request for the cell house transfer list (*See* Docs. 88, 94, 114, 124). After reviewing the exhibit at Doc. 98-1, the document does not appear to be altered or cropped as Jones suggests. Jones offers no evidence, other than his belief that the document at the hearing was longer, to suggest the document has been altered. The document appears to be a complete copy of the cell house transfer list which has been appropriately redacted. Jones's request for another copy of the document is **DENIED**. Defendants' motion to strike (Doc. 133) is **DENIED as moot**.

---

[1] Jones filed a motion to compel (Doc. 134) asking for leave to file a response to Defendants' motion to strike (Doc. 133). To the extent he seeks to respond to the motion to strike, the Court **GRANTS** that motion and **CONSTRUES** Jones's Motion at Doc. 136 as a response to the motion to strike.

Jones's next pending motion is a motion to compel judgment on motion for sanctions (Doc. 135). Jones asks the Court to rule on his motion for sanctions prior to ruling on Defendants' motion for summary judgment on the issue of exhaustion (Doc. 130). Both motions are still pending, and the Court finds no basis for Jones's request to rule on the motions in a particular order. The motion is **DENIED**.

In Jones's next motion to compel (Doc. 139), he requests that Menard Correctional Center provide him with his purchased commissary items. Jones states that he purchased commissary items, including hygiene and stationery on 8/18/2021, but did not receive the items. He later learned that they were stolen. The commissary now does not have the items in stock, and he is in need of stationary for the pending motion for sanctions and the summary judgment motion. The motion is **DENIED**. The Court does not find that interference in prison administration is necessary at this time. *See Thomas v. Ramos*, 130 F. 3d 754, 764 (7th Cir. 1997). Jones contacted his counselor and was told to pursue the issue through the grievance process. There is no indication that he is in current need of stationary as the motions he identifies are fully briefed. Jones also has filed numerous motions in this case which demonstrates that he has access to writing supplies at this time. Jones must first seek to resolve his issues by using all available prison procedures prior to seeking assistance from the Court. The Court understands that conducting discovery while incarcerated is difficult, and if additional time is needed, Jones may file a motion for an extension as needed.

Finally, Jones's last motion to compel (Doc. 146) seeks to compel Defendants to produce documents proving they submitted his protective custody status form and review form to the Administrative Review Board ("ARB"). Defendants note in response that they did not receive any discovery requests related to this issue prior to Jones filing his motion to

compel. There is no indication in the motion that Jones first sought the documents directly from Defendants in a discovery request, as is required prior to filing a motion to compel. *See* Federal Rule of Civil Procedure 37(a). Further, the motion for summary judgment is now fully briefed. To the extent Jones requests the ARB chairperson testify as to the receipt of certain documents, he may make such a request *if* the matter is set for hearing. At this time, however, the motion is **DENIED**.

    **B. Motion to Substitute John Doe (Doc. 141) and Motion Specifying Additional Steps to Identify John Does (Doc. 143).**

On April 14, 2021, the Court entered a scheduling order setting deadlines related to the identity of the John Does (Doc. 81). Defendants' deadline to produce to Jones the identity of the John Does or documents that would assist in such identification was May 28, 2021. Jones had until June 14, 2021, to file a motion to substitute specific defendants for the John Does. He was warned that the failure to file a motion to substitute would result in the dismissal of the John Does. He did not file a motion by the deadline.

On August 30, 2021, Jones filed a motion to substitute specific John Does (Doc. 141), specifically seeking to substitute Christopher Bradley in place of John Doe #3. On September 7, 2021, Jones then filed a motion specifying additional steps to identify John Doe Defendants (Doc. 143). Jones indicates that he did not receive Defendants' initial disclosures until June 8, 2021 and was unable to identify John Doe #'s 1 and 4. Jones requests a Court order directing Defendants to provide him with time records and locations of the majors and lieutenants on the relevant shift in order to identify the remaining John Does. Jones argues that his delay in making his request was a direct result of Defendants' late disclosure. Defendants have filed a response to the motions (Doc. 144), acknowledging that the disclosures were submitted

after the May 28, 2021, deadline but noting they were sent on June 2, 2021. They argue that a few days delay does not account for Jones's failure to file any relevant motion on the John Doe topic until August 30, 2021, when his motion to substitute was filed. Further, Defendants note they already provided rosters from the relevant date which listed all security staff, including majors and lieutenants, as well as their assigned location. They argue the time records Jones seeks are irrelevant as the rosters already contain the list of individuals on duty and the records pose a security risk because they contain private information. Jones, in reply, argues that he had a number of other cases and deadlines and was unable to identify the remaining John Does with the late disclosed information by the deadline.

The Court **DENIES** Jones's motion specifying additional steps to identify John Does (Doc. 143). The deadline for identifying John Does was June 14, 2021, and Jones neither identified the John Does nor asked for additional time to do so. Although Defendants' initial disclosures were late, they were not so late as to prevent Jones from seeking additional time or information from the Court in a timely manner. Jones offers no reasonable explanation for his delay, other than he was working on his other pending cases. But Jones was able to file numerous motions in his cases, including this case, from June to September. At no time did he request additional time from the Court to identify the John Does. Further, Defendants provided him with the roster sheet with the identities of the majors and lieutenants on duty. The Court fails to see how the time records would provide any additional information, and Defendants have articulated a security and privacy risk with the production of those documents. Accordingly, Jones's motion (Doc. 143) is **DENIED**.

Jones has identified John Doe #3 (Doc. 141). Although the motion was filed at a late date, the Court will allow Jones to substitute Christopher Bradley in place of John Doe #3.

The Clerk is **DIRECTED** to serve Bradley in accordance with the Court's threshold order (Doc. 15).

The remaining John Does, including John Doe #1 and John Doe #4, are **DISMISSED without prejudice**.

C. **Motion to Supplement Motion for Sanctions (Doc. 140)**

In his motion to supplement (Doc. 140), Jones attempts to raise new arguments in support of his motion for sanctions, but his original motion is already fully briefed. He had access to the documents he referenced at the time he filed his initial motion and has had ample time to raise these arguments prior to his current filing. As the motion has already been fully briefed, the Court will not allow Jones to raise additional arguments at this time. The motion to supplement (Doc. 140) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   October 25, 2021

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**