IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD JONES,** | |
| **Plaintiff,** | |
| v. | Case No. 20-cv-01128-NJR |
| **ANTHONY WILLS,** *et al.*, | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on several motions filed by Plaintiff Reginald Jones. Jones filed a motion for sanctions, along with several supplements, arguing that Defendants should be sanctioned for testimony at the hearing on April 7, 2021 (Docs. 74, 82, 107, and 126). Defendants filed a response (Doc. 98); Jones filed a reply (Doc. 100). Jones also filed a motion to reconsider his motion for stay of residence (Doc. 86). Defendants filed a response to that motion as well (Doc. 95).

A. **Motion for Sanctions**

Jones asks the Court to sanction defense counsel Powell for presenting perjured testimony during the April 7 hearing on Jones's motion for stay of residence. He claims that witness Terri Wingerter committed perjury when she testified, "Plaintiff was being moved on 5-20-20 to Protective Custody, (henceforth "PC") in the westhouse of Menard due to overcrowding…" (Doc. 74, p. 1). He further states that her testimony that he was moved to "PC in Menard due to overcrowding was false and perjured testimony."

(Doc. 82, p. 4). In support of his argument, Jones has attached a computer-generated log of his living unit history while incarcerated. (Doc. 74, p. 8). The living unit history log does not record that he was scheduled to be move from the Reception and Classification Unit ("R&C") to a protective custody cell in West Cellhouse at Menard Correctional Center ("Menard") on May 20, 2020. Rather, it records that on May 20, 2020, he moved directly from an R&C cell to segregation in North 2 Cell House. He argues that on previous occasions when he refused cell transfers, the living unit history log showed both the cell where Menard staff planned to move him and the cell where he ultimately was assigned. For May 20, 2020, there is no entry referencing a cell assignment in a protective custody gallery of West Cellhouse, only North 2 Cellhouse, demonstrating that he was not in fact scheduled to be moved to a protective custody cell as Wingerter testified. He argues that Powell knew this document existed, as she submitted it as evidence in another federal case he is currently litigating in this District, but she intentionally did not file it as an exhibit in this case because it shows Wingerter provided false testimony.

Federal Rule of Civil Procedure 11(b) states that by presenting "a pleading, written motion, or other paper [to the Court]…[the] party certifies that to the best of the person's knowledge…it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fraudulent behavior can warrant sanctions. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (citing *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011) (affirming the dismissal of a suit in which the plaintiff lied about his litigation history and applicability of the prepayment requirement in 28 U.S.C. § 1915(g)); *Ridge Chrysler Jeep, LLC v. DaimlerChrysler Financial Services Americas*

*LLC,* 516 F.3d 623, 626–27 (7th Cir. 2008) (affirming dismissal against plaintiff who lied to obtain interlocutory relief); *Greviskes v. Universities Research Ass'n, Inc.,* 417 F.3d 752, 759 (7th Cir. 2005) (affirming dismissal where plaintiff engaged in fraudulent misconduct that delayed lawsuit). A court also has inherent authority to sanction a party who abuses the judicial process, including those who seek to defraud the Court. *Secrease v. Western & Southern Life Ins. Co.,* 800 F.3d 397, 399-402 (7th Cir. 2015); *Montano v. City of Chicago*, 535 F.3d 558, 564 (7th Cir. 2008). "[P]erjury is among the worst kinds of misconduct." *Rivera*, 767 F.3d at 686.

Other than providing the living history unit log, Jones has not presented any evidence that Wingerter knowingly lied to the Court. First, Jones has misconstrued Wingerter's testimony. She testified that when Jones originally requested protective custody on May 7, 2020, he was taken to the Protective Custody Intake Unit and temporarily assigned to a cell in the R&C because the designated protective custody galleries in West Cellhouse were full *at that time.* When a cell in West Cellhouse became available on May 19, 2020, Jones was scheduled to be transferred to a cell in the protective custody unit in West Cellhouse the next day. Powell has provided a copy of a handwritten log which records daily cell assignment transfers and a declaration from Terri Wingerter. (Docs. 98-1; 98-2). In her declaration, Wingerter states that for May 20, 2020, the daily transfer log shows that Jones was classified as "PC3" or a protective custody inmate. The log originally recorded that Jones was to be transferred to W-3-15, a protective custody unit in the West Cellhouse. Because he refused housing, the entry was corrected using "white-out" and replaced with the cell number where Jones was assigned

in North 2 Cellhouse. These statements are consistent to what she testified to at the hearing. Furthermore, in her declaration, Wingerter agrees that the living unit history log presented by Jones does not contain an entry for the scheduled transfer to West Cellhouse on May 20, 2020. She states that she does not know why it was not recorded in the log because she did not personally enter the cell changes for May 20, 2020. Although the living unit history log only records Jones's final cell assignment in North 2 Cellhouse, the exhibit does not demonstrate that Wingerter committed perjury or that Powell knowingly presented false evidence to the Court. Jones fails to present any evidence demonstrating willful abuse of the judicial process or bad faith on the part of Wingerter or Powell. Accordingly, the motion is **DENIED**.

### B. Motion for Reconsideration

Although Jones fails to indicate which Federal Rule of Civil Procedure he brings his motion under, the motion will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically

becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en blanc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir.2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir.1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court

made its decision. *Russell,* 51 F.3d at 749; *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir.2000).

Here Jones's motion fails under either standard. Jones fails to present any mistake of law or newly discovered evidence. Although he states that the Court did not consider certain facts in his Order, he offers no new facts and simply rehashes the arguments made in his filings and at the hearing. He also argues that Wingerter committed perjury and Powell acted inappropriately, but the Court has already addressed those arguments and found them lacking. Jones fails to offer any new arguments that would change the Court's previous ruling. Accordingly, his motion to reconsider is **DENIED**.

**IT IS SO ORDERED.**

DATED:   October 29, 2021

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**