IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD JONES,

        Plaintiff,

v.

ANTHONY WILLS, *et al.*,

        Defendants.

Case No. 20-cv-1128-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on several motions filed by Plaintiff Reginald Jones. Jones filed two motions to reconsider the Court's recent Order regarding his request for subpoenas (Docs. 173 and 175). He also filed a motion for clarification regarding the Court's Order (Doc. 174). Jones also filed another motion for subpoena, this time seeking the testimony of Defendants Anthony Wills and Krista Allsup at the upcoming evidentiary hearing—scheduled on January 5, 2022 (Doc. 176).

### A. Motions to Reconsider and Clarification (Docs. 173, 174, and 175)

On November 22, 2021, the Court entered an Order (Doc. 172) granting in part and denying in part three motions for subpoenas filed by Jones. Jones sought the testimony of Travis Bayler and Sandra Quick, as well as copies of his 12/23/2015 and 3/15/2017 grievances on the issue of protective custody. The Court found that Jones's 2015 and 2016 grievances, and any witness testimony related to those grievances, were irrelevant to his current claims. Jones's request for witnesses was also denied in part, but the Court

directed Defendants to provide at least one witness who could testify on the issue of whether Jones's grievances were sent to the Administrative Review Board ("ARB") and the requirements of 20 Ill. Admin. Code § 501.320 (Doc. 172, pp. 1-2).

Jones now requests that the Court reconsider its Order. Although Jones fails to indicate which Federal Rule of Civil Procedure he brings his motion under, the motion will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519

U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.,* 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell,* 51 F.3d at 749; *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir. 2000).

### 1. *Testimony of Travis Bayler*

Jones asks that the Court reconsider the portion of its Order directing Defendants to provide one witness who could testify about ARB matters. Jones notes that Bayler submitted Jones's IGRV Grievance History as part of Defendants' motion for summary judgment and only he can testify as to whether Defendant Wills submitted Jones's

grievances to the ARB. In the alternative, he asks that the Court clarify that the witness should be an ARB representative.

Jones argues that Bayler's testimony is necessary because he can speak to the obligations of the warden in the appeal of a Protective Custody ("PC") grievance and he can answer questions regarding the IGRV Grievance History. But any ARB official could testify as to these matters. Thus, the Court **GRANTS in part and DENIES in part** the motion to reconsider. The Court **CLARIFIES** that the witness Defendants were previously Ordered to present should be an official with the ARB. But the Court **DENIES** Jones's request for Bayler specifically. The defense is, of course, free to call Bayler as the ARB witness, but the Court will also accept any ARB official with knowledge of the PC grievance appeals process. Defendants are further **DIRECTED** to identify the witness in a written notice on the docket **seven** days prior to the hearing. Accordingly, Jones's motion for clarification as to the identity of the witness is **DENIED as moot**.

2. *Sandra Quick*

Jones also asks that the Court reconsider its denial of his request for the testimony of Sandra Quick. In the Order, the Court noted that Jones failed to explain his need for Quick's testimony. Instead, he only stated Quick could testify as to "events prior to 5/7/2020." Jones now argues that Quick wrote a note in the cumulative counseling summary and only she can attest to that response, which will be part of his narrative as to steps he took trying to exhaust his administrative remedies. But Jones already has the communication as he is in possession of the cumulative counseling summary. He can point to that entry during his own testimony. It is unclear what testimony Quick could

offer other than acknowledging that she made the entry in the summary. Jones can testify as to the steps he took himself. Accordingly, his request to reconsider as to Quick is **DENIED**.

### 3. *2015 and 2017 Grievances and Testimony*

Jones also asks the Court to reconsider its Order denying his request for copies of his December 23, 2015 and March 15, 2017 grievances, as well as his request for John D. Peterson, the Danville correctional counselor, to testify as to those grievances (Doc. 175). Jones argues that he relies on the return of December 2015 grievance on March 1, 2016 (Doc. 142, p. 14) to support his argument regarding the two different appeals processes in Section 501 and Section 504. But again, Jones has a copy of the cumulative counseling summary and the notation that a grievance was returned to him. He fails to offer any new arguments to demonstrate that the grievances and testimony are relevant to the question of whether Jones exhausted grievances for his current claims. To the extent Jones wants to argue that there is a failure to follow proper procedures as it relates to protective custody grievances, he can certainly testify at the hearing himself and point to the counseling summary as an example. His request for the prior grievances and testimony regarding those grievances is **DENIED**.

### B.  Motion for Subpoena (Doc. 176).

In addition to his motions to reconsider, Jones has also filed another motion seeking testimony of additional witnesses at the evidentiary hearing. Specifically, he seeks the testimony of Anthony Wills and Krista Allsup.

As to Anthony Wills, Jones argues that Wills has knowledge of the correspondence

and emergency grievances Jones filed. He also has knowledge of whether he forwarded the PC denial to the ARB as Jones contends is required under Section 501. Wills is a defendant in this case and his testimony is directly relevant to the issues to be addressed at the evidentiary hearing, namely, whether the protective custody denial was sent to the ARB and how the appeal requirements of 20 Ill. Admin. Code § 501.320 affect the grievance process. Accordingly, the Court **GRANTS** Jones's motion and **DIRECTS** Defendant Anthony Wills to appear at the January 5, 2022 evidentiary hearing.

As to Defendant Krista Allsup, Jones argues that he needs her testimony to acknowledge whether she received his correspondence regarding protective custody issues or whether she was unable to receive institutional mail during the relevant time period. The Court finds that these issues are not relevant to the issue of whether Jones filed grievances regarding his protective custody placement or whether his protective custody denial should have been appealed to the ARB. As such, the Court **DENIES** his request to call Allsup as a witness.

IT IS SO ORDERED.

DATED:   December 17, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**