IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD JONES,

        Plaintiff,

v.

ANTHONY WILLS, *et al.*,

        Defendants.

Case No. 20-cv-1128-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Reginald Jones's Motion to Reconsider the Court's Order (Doc. 155) denying his motion for sanctions (Doc. 157). Jones filed two motions to supplement his motion to reconsider (Docs. 168 and 170).

On October 29, 2021, the Court denied Jones's motion for sanctions regarding testimony at a hearing held on April 7, 2021. Jones argued that testimony offered at the hearing by Terri Wingerter was perjured. The Court found Jones failed to present any evidence that Wingerter lied when she testified about Jones's cell movement on May 20, 2020. Although Jones pointed to a log of his living unit history as proof that he was not scheduled to be moved to protective custody, the Court found that the document did not prove that Wingerter knowingly lied to the Court. Likewise, the Court found that it was not inconsistent with her testimony that Jones was originally scheduled for a move to the West Cellhouse but moved to the North 2 Cellhouse when he refused housing.

In his motion to reconsider, Jones again argues that the cell assignment sheet did not depict his move to the West Cellhouse. He rehashes his previous arguments and

points to exhibits he produced in his original motion for sanctions. In his motions to supplement (Docs. 168 and 170), he rehashes arguments he has previously presented about his motion for stay of residence which the Court has already denied. Jones already filed a motion to reconsider that denial which the Court also denied (Docs. 86 and 155). He also argues that the Court did not consider all of his exhibits when making its ruling (Doc. 170).

Although Jones fails to indicate which Federal Rule of Civil Procedure he brings his motion under, the motion will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*,

85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en blanc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell,* 51 F.3d at 749; *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir. 2000).

Here, Jones's motion fails under either standard. His motion and supplements merely re-hash arguments he made in his original motion for sanctions. He points to exhibits the Court has already reviewed when it originally denied his motion. He fails to point to any misapplication of controlling precedent; he merely believes the Court should have favored his arguments and reviewed the exhibits in a way that supported his

arguments. In other words, he is simply unhappy with the Court's ruling and believes the Court should have ruled in his favor. But the Court reviewed all of Jones's exhibits and arguments and found that they did not support a finding that Wingerter perjured herself or that defense counsel acted improperly. The Court stands by that ruling. To the extent that Jones again argues that the Court should have granted his motion for stay of residence, Jones again re-raises arguments he has raised a number of times in this case about the appeal of his protective custody request. Further, the Court has already denied his motion to reconsider on the request for stay of residence.

Accordingly, Jones's motion for reconsideration (Doc. 157) and the supporting supplements (Docs. 168 and 170) are **DENIED**.

**IT IS SO ORDERED.**

DATED:   December 29, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**