IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD JONES,

                **Plaintiff,**

v.

                                              **Case No. 20-cv-1128-NJR**

ANTHONY WILLS, *et al.,*

                **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Defendant Christopher Bradley's motion to vacate entry of default (Doc. 205). He also filed a motion to join in the Defendants' pending motion for summary judgment on the issue of administrative exhaustion (Doc. 204). Plaintiff Reginald Jones filed a motion for default judgment (Doc. 203).

On October 25, 2021, Bradley was substituted in place of John Doe #3 and a waiver of service was sent to Bradley (Docs. 150 and 151). That waiver was immediately returned unexecuted because Bradley had retired from Menard Correctional Center (Docs. 151 and 152). The waiver was then sent to his home address on file with the prison. On November 9, 2021, Bradley returned the wavier of service, and his Answer was due December 27, 2021 (Doc. 166). Bradley failed to file an Answer.

On January 7, 2022, the Court entered default against Bradley (Doc. 198). On January 12, 2022, Jones moved for default judgment against Bradley (Doc. 203). Bradley moved to vacate the entry of default two days later (Doc. 205). He also sought to join in

Page 1 of 3

Defendants' pending motion for summary judgment (Doc. 204). He also indicated that he prepared an Answer which is ready to file once the entry of default is vacated.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Bradley has demonstrated good cause for the delay in filing his Answer. Bradley is retired from the Illinois Department of Corrections and mistakenly believed that the Attorney General would automatically represent him when he returned his waiver of service. He was unaware that he would have to formally request representation. Thus, he believed at the time that he signed the waiver of service that he was represented by counsel who would timely respond to the Complaint. Once he learned of the default and his need to request representation, he immediately requested representation from the Attorney General and the motion to vacate was filed. He also maintains that he has a meritorious defense and requests to join in the pending summary judgment motion on the issue of exhaustion.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Bradley has met the requirements of Rule 55(c) and **GRANTS** the motion to set aside entry of default (Doc. 205). The entry of

default (Doc. 198) is **VACATED**. Bradley is **GRANTED** leave to file his Answer by **January 25, 2022**. The Court also **GRANTS** Bradley's request to join in the pending motion for summary judgment (Doc. 204). Jones's motion for default judgment (Doc. 203) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:   January 18, 2022**

                                    **NANCY J. ROSENSTENGEL**
                                    **Chief U.S. District Judge**