IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**REGINALD JONES,**

          **Plaintiff,**

v.

**ANTHONY WILLS,** *et al.*,

          **Defendants.**

Case No. 20-cv-1128-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on several motions filed by the parties. On January 5, 2022, the Court held an evidentiary hearing on Defendants' motion for summary judgment (Docs. 130 and 131) on the basis of Jones's failure to exhaust his administrative remedies (*see* Doc. 195). After that hearing, Jones filed a motion to compel to correct a misstatement he made during his testimony (Doc. 200). He filed a second motion to compel, seeking to supplement his testimony with further argument regarding his efforts at exhaustion (Doc. 216). He recently filed a third motion to strike or otherwise deny the Defendants' motion for summary judgment (Doc. 218). Defendants filed a motion for leave to supplement their response (Doc. 201), which Jones opposes (Doc. 208).

**A. Jones's Motions (Docs. 200, 216, and 218)**

In his first motion to compel (Doc. 200), Jones indicates that he referred to a March 28, 2020 grievance in his testimony and was informed by the Court that the grievance was not related to the claims in his suit as it was filed prior to when the events making up the claims in this case occurred. He does not recall if he corrected his testimony, and he meant

to refer to the July 7, 2020 grievance (*see* Doc. 177, p. 5). A review of the transcript indicates that Jones referred to the July 7, 2020 grievance, and there was discussion about the grievance. It does not appear that Jones confused the two. But to the extent that he wishes to now clarify that the July 7, 2020 was the grievance which was relevant to the claims in his case, the Court **GRANTS** that motion and will consider the July 7, 2020 grievance in making its ruling.

Jones's second motion to compel (Doc. 216) is not a motion to compel at all, but a request to add additional argument to explain his inability to exhaust his administrative remedies. His subsequent motion to strike or deny (Doc. 218) also is an attempt to add additional arguments to the record. Jones has had numerous opportunities to provide argument regarding the motion for summary judgment. He filed a responsive brief and several supplements, and he was also given time at the end of the evidentiary hearing to provide argument. His motions appear to be recitations of portions of the evidentiary hearing transcript that he believes are relevant to his arguments. The Court will not receive any additional testimony or argument from Jones at this time. His motions (Docs. 216 and 218) are **DENIED**.

**B. Defendants' Motion to Supplement (Doc. 201)**

Defendants' motion to supplement (Doc. 201) seeks to add a signed declaration from Kelly Pierce regarding grievances submitted by Jones in 2020. Pierce testified at the evidentiary hearing under oath. Defendants offer no justification for the additional declaration, and the declaration does not appear to add anything additional to her testimony. The motion to supplement is **DENIED**. Jones's motion to strike or otherwise

deny Defendants' motion is **DENIED as moot** (Doc. 208).

**IT IS SO ORDERED.**

DATED:   February 9, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**