IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD JONES,** | |
| **Plaintiff,** | |
| v. | Case No. 20-cv-1128-NJR |
| **ANTHONY WILLS,** *et al.,* | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Reginald Jones, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He was allowed to proceed on Eighth Amendment failure to protect claims (Counts 1 and 2) and a First Amendment retaliation claim (Count 3).

This matter is currently before the Court on two discovery motions filed by Jones. Jones filed a motion to compel (Doc. 252), and Defendants filed a motion to strike or deny the motion (Doc. 258). Jones then filed a reply brief (Doc. 269). Jones also filed a motion for 10 additional requests for admission (Doc. 255). Defendants also filed a response (Doc. 270) to that motion. Jones filed a reply (Doc. 274).

Jones's first motion to compel seeks to compel Defendants to produce all of the documents that they examined prior to denying him protective custody on May 14, 2020, or to admit that they did not review his grievance, pending cases, and his written

statement (Doc. 252). Jones indicates that he is confused by Defendants' discovery responses which, in their admissions, admitted that Jones's written statement was not listed as one of the factors the protective custody ("PC") committee considered. Their responses to the request for production regarding documents considered provided Jones's intelligence unit documents and protective custody documents but did not include pending cases before this Court or Jones's grievances. Jones argues that the responses are contradictory, and that Defendants referenced his written statement in initial disclosures. Defendants argue that the responses are not contradictory and Jones's motion is merely an attempt to propound additional discovery requests.

The Court does not find the responses to be contradictory. Defendants admitted that Jones's written statement was not *listed* in the document referenced in Jones's Complaint as a factor that the PC committee considered (Docs. 233 – 240). They also provided Jones with all documents considered (Doc. 258-2, p. 2). Jones's motion appears to be an attempt to propound additional discovery upon Defendants rather than to compel them to answer, because they have already provided answers.

In his reply, Jones asks to increase the number of requests for admission, indicating that he has good cause for extending the number. He also filed a motion asking to submit additional requests to admit on Defendant Lawrence (Doc. 255). But the Court previously noted that the scheduling order provided Jones with "ample discovery resources to build his case." (Doc. 241). The Court noted at that time that Jones could have tailored his requests for admissions specifically to each Defendant but chose not to do so (*Id.*). Further, the Court has already granted Jones additional requests to admit (Doc. 247).

Jones was instructed that he would not be granted any additional requests than what were listed in his previous motion (*Id.*). And, as Defendants point out in their response to Jones's request for additional admissions, Jones has interrogatories and additional requests for production under the scheduling order, which he could utilize to seek additional information or to obtain the information he seeks with his motion to compel.

For these reasons, the Court **DENIES** both Jones's motion to compel (Doc. 252) and motion for additional requests to admit (Doc. 255).

**IT IS SO ORDERED.**

**DATED:   June 9, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**