IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD JONES,

        Plaintiff,

v.

ANTHONY WILLS, *et al.*,

        Defendants.

Case No. 20-cv-1128-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Reginald Jones, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He was allowed to proceed on Eighth Amendment failure to protect claims (Counts 1 and 2) and a First Amendment retaliation claim (Count 3).

This matter is currently before the Court on several motions filed by Jones. Jones filed a motion to compel admissions by Defendant Waterman (Doc. 273), as well as a motion to supplement his motion to compel (Doc. 279). Defendants filed a response in opposition to the motion (Doc. 280). Jones also filed a motion to compel Defendants to file their admissions with the Court by document number (Doc. 275). He also filed a motion to clarify (Doc. 276) and a motion to supplement his motion to clarify (Doc. 281). Most recently he filed another motion to clarify (Doc. 282).

### A. Motion to Compel Admissions by Defendant Waterman (Docs. 273, 279)

As to Jones's first motion to compel and supplement, Jones seeks an admission from Waterman that he was not interviewed by staff in connection with Grievance No. 162-8-19 (Doc. 273, p. 1). Jones indicates that the grievance states that "alleged staff" were interviewed with a blanket response, without specifically mentioning Waterman. Jones submitted a request to admit, requesting that Waterman admit he knew he was a named official in Grievance #162-8-19 and another pending case in this district (Doc. 264, p. 3). On May 20, 2022, Waterman submitted his response, admitting he was aware he was a named Defendant in the other case but denying he was aware he was named in a grievance prior to May 11, 2020 (*Id.*). Jones now asks for an order directing Waterman to admit he was not interviewed as a named official for Grievance No. 162-8-19. In his motion to supplement (Doc. 279), Jones seeks leave to add a July 15, 2019 Incident Report from another case, Case No. 19-cv-1386-SPM, in which Waterman was involved in the incident with Jones.

The Court **DENIES** both Jones's motion to compel and motion to supplement. The Court fails to see how the July 15, 2019 incident report is related to the claims in this case which took place in May 2020. Further, the Court finds Jones's motion to compel to be an attempt to submit additional requests to admit on Defendant Waterman. The Court previously granted Jones additional requests to admit and informed him that he would not be granted any additional requests (Doc. 247). His current motion appears to be an attempt to circumvent that Order and seek additional requests to admit through a motion to compel. He does not indicate that Waterman's response to the request to admit was

improper. Waterman responded to the request to admit, indicating he was not aware he was named in the grievance. The request did not ask if Waterman was interviewed. Thus, the Court finds that Waterman's response was proper, and the motion to compel (Doc. 273) and motion to supplement (Doc. 279) are **DENIED**.

### B. Motion to Compel Responses (Doc. 275)

Jones's second motion to compel asks that the Court order Defendants to respond to the numbered requests to admit. Jones indicates that upon receipt of the NEFs of Defendants' responses, he noticed that Defendants indicated that Jones did not e-file the requests to admit (*See* Docs. 259-266). Jones indicates that he did e-file the requests by including them in his motion asking for additional requests to admit (Doc. 243).

To the extent Jones requests that Defendants re-file their responses and refer to Doc. 243 in their response, the Court **DENIES** the motion to compel. The Court instructed Jones to serve the additional requests on the Defendants (Doc. 247). While he appears to have served the requests on Defendants, he did not file the requests and only included them as part of his motion. Thus, Defendants are correct that Jones did not file his requests. The Court will not require Defendants to amend their responses on the docket. The Court notes that Jones has attached his Second Request for Admissions (Doc. 275, pp. 4-10) to his motion and the requests are now part of the docket.

Additionally, Jones indicates that Waterman responded to Request to Admit #18 by indicating he was not a named Defendant in Case No. 20-cv-156-SMY. Jones maintains that the actual case number is Case No. 20-cv-158-SMY. A review of Request #18 (Doc. 264, p. 3) demonstrates that the last number in the case number is difficult to read

and could be read as either an 8 or a 6. Thus, the Court **ORDERS** Waterman to file an amended response indicating whether or not he was aware he was a named Defendant in Case No. 20-cv-158-SMY.

### C. Motions to Clarify (Docs. 276, 281, 282)

Jones's motion to clarify (Doc. 276) does not seek to clarify anything currently on the record. Instead, Jones reiterates the facts of his case and states that he will continue to refuse housing. He does not indicate that *Defendants* are currently trying to move him to another part of the prison, nor does he seek any particular relief. In fact, he states that none of the Defendants have spoken to him about his current housing situation (Doc. 276, p. 2). Instead, his motion lists the Defendants and describes their most recent interactions with him, interactions that are not part of his present lawsuit. Further, he alleges that a lieutenant spoke to him on June 7, 2022, and expressed his desire to move Jones to another part of the prison (Doc. 276, p. 5). This lieutenant is not a defendant in this case, and he does not appear to be acting on behalf of any of the named Defendants. Jones's recent motion to supplement (Doc. 281) indicates that he did, indeed, receive a disciplinary ticket for refusing housing. None of the Defendants appear to have participated in the current attempt to transfer Jones.

Simply put, Jones's allegations in his motion are unrelated to the claims in his current lawsuit, which involve the actions of Defendants in May 2020. None of the Defendants participated in his current refusal to transfer him from segregation. Further, Jones does not ask for any relief; he specifically indicates in his motion he is not seeking injunctive relief. Jones was previously denied a preliminary injunction in this case;

specifically, his request to stay his current housing and to not transfer to general population was denied (*See* Doc. 80). To the extent he asks for acknowledgment of his intention to refuse housing currently, that request is **MOOT**. Since filing his original motion, he has made his refusal of housing known at the prison. His motion to clarify (Doc. 276) is **DENIED**.

Jones recently filed another motion to clarify (Doc. 282), seeking clarification regarding his ability to examine the deposition transcript for his deposition in Case No. 19-cv-1386-SPM. He indicates that he has already made requests in the relevant case, but has not learned from defense counsel the time, date, and place of the review. Defense counsel is the same counsel in this case.

Again, Jones fails to request any clarification regarding issues relevant to this case. He acknowledges that his request to review the transcript in Case No. 19-cv-1386-SPM is not relevant to the claims in this case, but he indicates that his safety and security is relevant. It is not clear whether he is concerned about his safety based on the location of the transcript review, but such issues are more appropriately addressed in Case No. 19-cv-1386-SPM, and Jones acknowledges that he has pending motions on the issue in that case. To the extent he wants his statements regarding his safety memorialized for the record, at best Jones's motion is evidence which he can present at the appropriate time. Currently, there are no dispositive motions pending or hearings set that would make his statements relevant. His motion for clarification is **DENIED**.

Finally, the Court notes that these "motions to clarify" appear to be attempts by Jones to express his views on the claims in the case and address issues in his other

pending cases. They either do not relate to the specific claims in this case or are attempts to provide evidence or arguments about the merits of his claims on the record. There are currently no dispositive motions for which such attempts to set forth his case would be relevant. If Jones continues to file unsolicited documents that are not related to this case, the documents will be stricken from the record. It is a waste of judicial resources for the Court to review numerous pleadings that attempt to knit together allegations from his various pending cases in this district. Such conduct could be considered frivolous. Thus, Jones is **WARNED** that continuing to file generic "motions to clarify" could also result in sanctions.

**IT IS SO ORDERED.**

**DATED:** June 23, 2022

_____
**NANCY J. ROSENSTENGEL**
Chief U.S. District Judge