IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**REGINALD JONES,**

        **Plaintiff,**

v.

**ANTHONY WILLS,** *et al.*,

        **Defendants.**

Case No. 20-cv-1128-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Reginald Jones, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard") brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He was allowed to proceed on Eighth Amendment failure to protect claims (Counts 1 and 2) and a First Amendment retaliation claim (Count 3).

    This matter is now before the Court on Jones's motion to reconsider (Doc. 285) and supplement (Doc. 287). Defendants filed a motion to strike or, alternatively, a response to the motion (Doc. 288). To the extent Defendants seek to strike the motion that request is **DENIED**; the Court construes their motion as a response.

### BACKGROUND

    Jones previously filed several discovery motions, including a motion seeking to compel additional admissions against Defendant Waterman (Docs. 273, 279). Specifically, Jones sought to compel Waterman to admit he was not interviewed as a named official

for Grievance No. 162-8-19. The Court denied his motions as they were not related to his claims in this case (Doc. 284). The Court also found Jones's request to be a new request for admission, and Jones already met his limit of requests, even after previously granting Jones additional requests (*Id*. at p. 2).

Jones's motion to reconsider (Doc. 285) takes issue with the fact that the Court's Order (Doc. 284) did not cite to his reply brief (Doc. 283), which contained a copy of Grievance No. 162-8-19 for review. He provides the Court with the history of the grievance and his claims in Case No. 20-cv-158-SMY. Jones insists that Defendant Waterman's answer to the request to admission, indicating that he was unaware of being named an official in Grievance No. 162-8-19, is suspect because the grievance indicates that the counselor "contacted alleged staff" (Doc. 1, p. 78), which could have only been Waterman. He insists that the triers of fact should know whether Menard staff interviewed Waterman. He argues that Waterman's answer affects not only this case, but a pending appeal and his case before District Judge Yandle (Doc. 285, p. 5).

In his motion to supplement, Jones insists that Waterman's previous answer to the requests to admit proves that the grievance response was fraudulent (Doc. 287). He argues that the grievance process was, thus, unavailable to him as to claims related to that grievance.

## LEGAL STANDARDS

Jones does not indicate a basis for his motion to reconsider. The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. *See Hope v. United States*, 43 F.3d 1140, 1142, n. 2 (7th Cir.1994) (stating that "strictly speaking" a motion for

reconsideration does not exist under the Federal Rules of Civil Procedure). But the motion will usually automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A

movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000).

## ANALYSIS

Simply put, Jones's motion fails under either standard. Jones argues that the Court did not consider his reply brief (Doc. 283) in ruling on his motion to compel, but his brief merely rehashed arguments he raised in his previous filings. He indicates that he attached a copy of Grievance No. 162-8-19 to his brief, but the grievance was already attached to his Complaint (Doc. 1, pp. 78-80). Thus, his reply brief added nothing new to his arguments—and did not require the Court to reference the brief in its Order.

Nor does Jones raise any new argument or evidence that he did not already raise in his original filings or that could have been raised in his original filings. He continues

to argue that an additional admission from Waterman regarding his knowledge of Grievance No. 162-8-19, namely was he asked about the grievance by the counselor, is essential to his claims, but raises no new arguments other than the ones already raised and rejected by the Court. To the extent he argues that the grievance response is somehow fraudulent and affects the issue of exhaustion in an appeal and in another case in this district, the Court does not find that the additional request to admit has any bearing on the claims in this case. Exhaustion in this case has already been resolved. Jones was found to have exhausted all of his claims in this case, thus further discovery about the grievance process is not relevant to Jones's claims. And Counselor Quick, who Jones maintains lied in her response to the grievance, is not a defendant in this case. Further, the Court finds nothing improper about Waterman's response to the request to admit. Jones's motion to compel was just an attempt to obtain further discovery from Waterman, after Jones used all of his requests to admit. Jones fails to offer any new facts or arguments that changes the Court's findings.

## Conclusion

For the reasons stated above, Jones's motion to reconsider (Doc. 285) and his supplement (Doc. 287) are **DENIED**.

**IT IS SO ORDERED.**

DATED:   August 1, 2022

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**