IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**REGINALD JONES,**

        **Plaintiff,**

v.

**ANTHONY WILLS,** *et al.*,

        **Defendants.**

Case No. 20-cv-1128-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Reginald Jones, a former inmate of the Illinois Department of Corrections ("IDOC"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. His Complaint (Doc. 1) alleges that Defendants denied him protective custody and tried to place him in an area of the prison which would cause him harm.

This matter is before the Court on several discovery motions filed by Jones. He filed a motion for sanctions (Doc. 328) for discovery responses from Defendant Kelly Maue. He subsequently filed two supplements to the motion (Docs. 337 and 348). He also filed numerous motions to compel regarding discovery issues (Docs. 326, 330, 331, 335, 338, and 360). The Court directed Defendants to file a response to all of the pending motions (Doc. 333, 342), and Defendants filed a single response (Doc. 366). Subsequently, Jones filed another motion to compel (Doc. 367).

    A. **Motion for Sanctions**

The Court first notes that Jones's filings have been increasingly difficult to

decipher, a fact that the Court has noted on several occasions. This appears to be due, in part, to an injury with his writing hand but also appears to be due to the speed in which he writes and submits motions. Defendants also note that his filings contain circular, speculative arguments making his requests difficult to follow.

In his motion for sanctions (Doc. 328, 337, 348) and a motion to compel (Doc. 326) regarding the same topic, Jones argues that in responding to an interrogatory request, Defendant Kelly Maue failed to adequately answer the request. Specifically, she was asked to name the titles and/or occupations of all staff at Menard with the surname "Maue" (Doc. 328, p. 1). Jones maintains that Maue's answer failed to include Lucas T. Maue. He believes that Kelly Maue withheld Lucas Maue's name in an effort to protect him from liability (*Id*. at p. 3). Jones indicates that he knows Maue's name due to discovery in one of his other pending cases. He argues that her actions amount to perjury, and she should be held accountable. He believes her failure to a identify Lucas Maue was an effort to collude with a defendant in one of his other cases, Sandra Quick, and that the Court should identify a "kinship" with Quick, Kelly Maue, and Lucas Maue (*Id*. at p. 5). In his later filed supplements, Jones argues that he had been threatened by non-parties and he believed those threats extended from the "Maue/Quick sphere of influence" (Doc. 337, p. 1).

Simply put, there is no evidence that Kelly Maue colluded with any defendant either in this case or any of Jones's other cases in this district. He offers no evidence beyond his wild speculations that there is some sort of "kinship" between various defendants, nor does he offer any evidence that these individuals are conspiring against

him. As Defendants noted in their response, Jones's interrogatory did not include any time span for the request to identify staff members with the surname Maue, which Kelly Maue pointed out in her objections (Docs. 366-1, 366-2). Thus, Kelly Maue included those individuals who currently worked at Menard at the time she received the interrogatory (Doc. 366-4). There is no indication that Lucas Maue worked at Menard at the time that Kelly Maue responded to the discovery request. There is no evidence that Maue lied in her discovery response or acted in bad faith. Thus, Jones's motion for sanctions (Doc. 328) and motion to compel (Doc. 326) are **DENIED**.

### B. Discovery Motions

Jones also filed numerous motions to compel. In his motion to compel issuance of written statements (Doc. 330), Jones requests the production of written statements from his disciplinary file. It is not exactly clear what documents he seeks. Jones refers to a May 10, 2020 written statement offered at his protective custody hearing that mentioned a 2017 and 2019 Inspector General report filed by Jones. He refers to written statements that were included in those reports. It appears that he seeks those specific written statements.

The Court has dealt with similar issues related to the Inspector General reports throughout this case (*See* Doc. 248, denying subpoena to the Inspector General for the complaints; Docs. 309 and 344, denying requests to publish the complaints). On a previous occasion, Jones indicated that he received the reports in discovery (*See* Doc. 309). It is not clear to the Court that Jones sought these specific statements from Defendants, and Defendants note that Jones never sought to resolve any issues with discovery before seeking Court intervention. *See* Fed. R. Civ. P. 37(a)(1) ("[Motion to compel] must include

a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). Further, the Court fails to see how any written statements he made in 2017 and/or 2019 are relevant to the claims in this case. Even if he mentioned the Inspector General reports in his request for protective custody, the Court fails to see how additional statements he made in relation to those previous investigations are relevant to his current claims. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."). Thus, his motion to compel written statement (Doc. 330) is **DENIED**.

Jones's second motion to compel seeks disclosure of an incident report associated with a grievance dated December 23, 2015 (Doc. 331). The incident report was created while Jones was housed at Danville Correctional Center. Jones maintains the report is relevant because he believes that it should have been considered by the protective custody committee when he requested protective custody in 2020. He acknowledges that Defendants have produced all documents that were considered by the committee and the document was not included (Doc. 331, pp. 1-2). Although he alleges he received the grievance in a discovery response in another of his pending cases, he has not received the actual incident report. But there is no indication that he specifically requested the incident report from any of the defendants in this case. Jones indicates that he asked for all documents considered by the committee and documents were provided (*Id*. at p. 2). If the incident report was not considered, then the Court fails to see how it is relevant to this

case. Jones also has not specifically asked for it in discovery. His motion is **DENIED**.

Jones's motion to compel database entries (Doc. 335) is difficult to follow. Jones again mentions Kelly Maue's failure to identify Lucas Maue in her discovery response and notes that Lucas Maue attempted to move Jones on March 11, 2020 (*Id*. at p. 1). He then notes that he was provided with database entries documenting his cell movements but argues that the entries failed to include the name of the individual who made the entries. Although not clear, it appears that Jones seeks the name of the individual who documented his cell moves. Although Jones maintains the information is relevant to his sanctions motion against Kelly Maue, the Court fails to see any connection between Maue's discovery response and the information he seeks. As the Court has already noted, there is no indication that there was any "kinship" between Kelly Maue and Lucas Maue or that they conspired together against Jones in any fashion. Further, Jones acknowledges that he received the database of his cell moves and he offers no evidence to indicate that the documents were altered in any fashion.[1] And again, he has not sought this specific information from Defendants in a discovery request (*See* Doc. 366, p. 9). His motion is **DENIED**.

Jones's next motion to compel (Doc. 338) seeks a Court order compelling Defendants to respond to his September 2022 discovery requests. Defendants have since provided responses (Doc. 366, Exhibits E, F, G). Thus, Jones's motion is **DENIED as moot**.

---

[1] Although Jones maintains that the database is located at Doc. 79, Exhibit A, such an exhibit does not exist in this case. Doc. 79 is an Order which does not include exhibits. Jones also mentions Case No. 19-cv-1281-NJR, but Doc. 79 in that case also does not include an exhibit. Thus, the Court is unable to review the documents at issue in his motion to compel.

Jones also filed a motion to compel answers to interrogatories (Doc. 360). The motion is difficult to decipher. He attaches two discovery responses which he maintains were not answered completely (Doc. 360, Exhibits A and B). But the Court is unable to determine Jones's issue with the answers, other than he alleges they are "half-answers" (*Id*. at p. 2). Nor is the Court able to decipher the discovery requests themselves. His interrogatories reference the Pavey hearing held on January 5, 2022, and Defendants referred Jones to the transcript of that hearing for any testimony that they gave. Jones also asked questions about the Illinois Administrative Code and forms, which both Defendants Wills and Allsup appeared to answer completely. To the extent that Jones takes issue with their responses, there is no indication that he has attempted to meet and confer with Defendants prior to filing his motion to compel. Fed. R. Civ. P. 37(a)(1). Thus, his motion is **DENIED**.

Finally, Jones's recently filed motion to compel (Doc. 367) is also very difficult to decipher. Jones appears to take issue with what he believes is a delay by the defense in responding to discovery requests. It is not clear what discovery Jones believes is still outstanding from Defendants, nor does he indicate what relief he seeks from the Court, other than a grant of his motion to compel (*Id*. at p. 3). Defendants previously indicated that they recently provided a number of responses to outstanding interrogatories (Doc. 366, p. 11). Further, the Court extended the discovery and dispositive motion deadlines (Doc. 345). Thus, the Court finds no prejudice suffered by any delays in responding to the recent discovery requests. To the extent that Jones maintains there are still outstanding discovery requests, he would need to first confer with Defendants about

the issues before filing a motion to compel. *See* Fed. R. Civ. P. 37(a)(1). His motion is

**DENIED**.

    **IT IS SO ORDERED.**

    **DATED:**   December 15, 2022

                                            **NANCY J. ROSENSTENGEL**
                                            **Chief U.S. District Judge**